By the Court:

Monell, J.
All the questions which are presented by the exceptions in this case, except one, have been determined by the decision at this term in the case of these plaintiffs against Tappan, another of the trustees of the Montana Mill Company.
The question not decided by the Tappan case is, whether the defendant is liable for the debts of the' company contracted before he became a trustee.
1 The question arising upon the statute of limitations is the same as arose in Tappan’s case, except that to make the objection *667 available in this case, it was and had to be claimed that the debt prosecuted in the action was an “ existing debt” in January, 1866, although the note had not then become due.
But I think that this was not an existing debt, within the meaning of the statute.
There was no default of the company until after twenty days from the first day of January, 1866, and the note of the company did not fall due until after such default had occurred.
The obligation to pay was made in the previous November, when the company gave its promissory note, and it may, perhaps, be said that a debt was then created. But there was no obligation to pay until sixty days afterwards, and when the payment of a debt is imposed as a penalty, it must be construed to mean a present obligation which is capable of being immediately enforced. Otherwise the penalty would be nugatory, as it could not be prosecuted or collected.
Debt, it is true, is ordinarily understood to mean any obligation to pay, either in presentí or in futuro, and it is commonly understood to be equivalent with liability. Bouvier says, “ debt is a sum of money due by certain and express agreement;” in a more enlarged sense, any kind of a just demand, and he describes the liquid debt to be one the payment of which may be immediately enforced, and not one which is due at a future time.
At the time of the company’s default, in January, 1866, an action was not maintainable against it upon this obligation or promise to pay. It therefore follows, it appears to me, that an action against a trustee would also have failed! And this furnishes a proper test of what the legislature are supposed to have meant by “existing debts;” and it is, therefore, to be presumed that they intended to create a liability for such debts only as were due and payable at the time the penalty was affixed.
In Garrison v. Howe (17 N. Y. R., 458) the plaintiff contracted to deliver, and the corporation to receive and pay for, a large quantity of lumber at a future day; and it was held not to be a “debt” within the meaning of the statute, nor until the delivery of the property.
*668 And in Oviatt v. Hughes (41 Barb., 541) a trustee was sued for a claim of the plaintiff against the company. The former was employed by the latter as its general agent at a per annum salary. As the salary was not due at the time of the company’s default, it was held not to be a debt within the meaning of the statute. The court says, the statute speaks of debts existing or contracted, not of liabilities which may ultimately ripen into debts.
If, therefore, the decision of this case depended upon bringing it within the intended meaning' of “ existing debt,” I think it might be correctly disposed of by holding that this was not such a debt as attached to the default of January, 1866.
The remaining objection is, that the debt was contracted before the defendant became a trustee, and that he is liable for such debts only as were contracted while he was trustee. But I think the defendant’s counsel has misunderstood or overlooked that part of the statute which creates a liability for the “existing debts” of the corporation. That is one liability, and is apart from the other liability, which is for debts “ afterwards contractedP The meaning' of the statute is, that the trustees of a corporation which shall omit to make its annual report, who are in office at the time of such omission, shall be liable for all debts existi/ng at that time whenever contracted, and shall also be further liable for all debts which may be contracted after such time, and until such report is filed. That is the plain letter and intent of the statute, and is recognized in the following cases: Garrison v. Howe (ubi supra), Shaler and Hall Quarry Co. v. Bliss (ubi supra), Boughton v. Otis (ubi supra), and McHarg v. Eastman (7 Robt., 137).
If these views are correct there was no error in overruling the defense, and is none in overruling the exceptions.
The plaintiff should have judgment on the verdict with costs.