ISAAC N. HAIGHT *against* JOSEPH NAYLOR, IMPLEADED.

A draft drawn on A., "agent Co-operative Brush Co.," and accepted by A., "agent Co-operative Brush Co.," does not (in the absence of any other facts) bind the company as acceptor of the draft.

APPEAL by plaintiff from a judgment of this court, entered on the dismissal of the complaint on the trial.

The facts are stated in the opinion.

ROBINSON, J.—The defendant Naylor, was sued as a director of "The Co-operative Brush Company," formed under the general manufacturing act, for an alleged debt of the company, for which it was claimed he was liable under that statute for the failure of the company within twenty days from the first day of January, 1872, to make and publish an annual report of its affairs. He was then a trustee, and the obligation upon which such liability was claimed to exist, was a draft or bill of exchange in these words :

"$600. New York, Dec. 7, 1871.

"Ninety days after date, pay to the order of myself, six hundred dollars, value received, and charge the same to account of (Signed) JAMES F. CLARK.

"N. W. Day, Ag't Co-operative Brush Co., 40 Dey st."

Across the face was written, in the handwriting of said Day, "Accepted. Nicholas W. Day, Agt. Co-operative Brush Co." Plaintiff, early in January, 1872, became the owner of the draft, by purchase, from Mr. Clark, though whether by indorsement or assignment, or at what precise date, is not shown.

The present appeal only presents the exceptions taken on the trial to the refusal of the judge to dismiss the complaint. 1st. Because the acceptance was not that of the company. 2d. Because the plaintiff had no existing debt for which defendant, for such default of the company, was liable ; and 3d.

Because one stockholder or his assignee could not sue a co-stockholder.

The complaint was dismissed, the judge stating as the ground therefor, that the draft was not an existing debt (for which the defendant was liable by reason of the alleged default in not making any report of the condition of the affairs of the company), within the meaning of the statute, and to this ruling plaintiff excepted. The dismissal of the complaint was correct, as no cause of action was shown.

The draft was not one made upon or accepted by the corporation, nor for which it was liable. It bears on its face no evidence that the corporation had any connection with it as principals. It was drawn on "N. W. Day, agent of the company," and was accepted by him, "Nicholas W. Day, Agent, &c." His being such agent, and so called, was a mere "*descriptio personæ*." The instrument, on its face, in no way assumes to emanate from the company or to have been given in the course of its dealings. Nicholas W. Day, although its agent, did not act in its name as the principal, nor in any way bind them as such. Without assumption by the agent to bind the principal, he creates no obligation as against him, and this seems well established by the decisions of our courts (*Dean v. Roesler*, 1 Hilt. 420; *Moss v. Livingston*, 4 N. Y. 208; *De Witt v. Walton*, 9 N. Y. 571; *Olcott v. Tioga R. R. Co.* 40 Barb. 179; *Pumpelly v. Phelps*, 40 N. Y. 59). Nothing appears in the evidence authorizing the assumption that the acceptance of "N. W. Day, agent of the Co-operative Brush Co.," was to be regarded as that of the company. The consideration of the draft was not shown to have been for money advanced or brushes sold to them, nor does the fact proved, that he had paid with the funds of the company others of such drafts, warrant the conclusion that the name adopted was that of the company, or that he was authorized to bind the company by any such acceptance. I think the nonsuit or dismissal of the complaint was properly granted upon this ground of the motion, and that it should be upheld.

I am not prepared to follow the decision in *Nimmons v. Hennion* (2 Sweeny, 663), and hold that an obligation of such a

corporation, existing by bond, bill or promissory note outstanding when the annual report of the company is required to be made, but payable at a subsequent date, is not an " existing debt," within the entire scope and meaning of the several clauses of section twelve of the general manufacturing act (Laws, 1848, chap. 40, p. 54), both as one for which a liability *exists* and for which the trustee incurs the penalty for the failure to report. Regarding it unnecessary to the present case to express any opinion upon the point, I am for affirmance upon the ground first stated; that the company was not a party to the draft in question.

DALY, Ch. J., and J. F. DALY, J., concurred.

Judgment affirmed.