THE RECTOR, CHURCH WARDENS AND VESTRYMEN OF TRINITY CHURCH IN THE CITY OF NEW YORK, Appellant and Respondent, *v.* JACOB H. VANDERBILT, Appellant and Respondent.

Plaintiff leased to a corporation, organized under the General Manufacturing Act (Chap. 40, Laws of 1848), certain premises for a term of years commencing November 1, 1872.   The lessee among other things agreed to pay all taxes and water-rates imposed each year, and in case the same were not paid before the first day of February next, after they were imposed, it agreed to pay to plaintiff on that day as additional rent the amount necessary to pay and discharge them.   The lessee did not pay the taxes and water-rates imposed for the years 1873 and 1874.   The lessee failed to make annual reports as required by said act (§ 12) for the years 1873, 1874 and 1875.   Because of such failure this action was brought in January, 1878, against defendant, a trustee of said corporation, to recover the amount of said taxes and water-rates.   *Held,* that at the time the reports should have been filed both for the years 1874 and

1875, a debt existed for the taxes and water-rates of the preceding year ; but as the lessee had the alternative either to pay to the proper authorities or to pay on the first of February thereafter to the plaintiff, no cause of action accrued to it until that time ; that, therefore, as to the taxes, etc., for 1873, the three years statute of limitations began to run February 1, 1874, and the cause of action was barred, but that for the taxes, etc., of 1874, the action was not barred and plaintiff was entitled to recover.

(Argued December 19, 1884 ; decided February 10, 1885.)

*15 wx Dig 499 affirmed*

THESE are cross-appeals from a judgment of the General Term of the Supreme Court, in the first judicial department, dated May 11, 1882, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

The nature of the action and the material facts are stated in the opinion.

*S. P. Nash* for plaintiff. The court erred in holding that the three years limitation in favor of the trustees runs from the time the obligation matures against the corporation. (*Duckworth* v. *Roach*, 81 N. Y. 49.) The statute runs against defendant from the date of his last default; his default the previous year is no defense. (*Boughton* v. *Otis*, 21 N. Y. 262.) Defendant was liable for the sum awarded against him. (*Trinity Church* v. *Higgins*, 48 N. Y. 532.)

*James McNamee* for defendant. This suit should have been brought within three years after the right to do so accrued. (Code, §§ 330, 383, subd. 3 ; *Merchants' Bk.* v. *Bliss*, 35 N. Y. 412 ; *Jones* v. *Barlow*, 62 id. 202 ; *Wiles* v. *Suydam*, 64 id. 173 ; *Losee* v. *Bullard*, 79 id. 404.) The unpaid taxes and water-rates of 1873 became a debt of the company not later than January 1, 1874. (*Garrison* v. *Howe*, 17 N. Y. 465 ; *Jones* v. *Barlow*, 62 id. 205, 208 ; *Delancy* v. *Ganong*, 9 id. 9, 20, 25 ; *Porter* v. *Swetnam*, Styles, 406 ; *Trinity Church* v. *Higgins*, 48 N. Y. 532 ; *Belloni* v. *Freeborn*, 63 id. 383 ; *Kohler* v. *Matlage*, 72 id. 259 ; *Hume* v. *Hendrickson*, 79 id. 127 ; *Port* v. *Jackson*, 17 Johns. 239.) The amount

recoverable in a suit like the present falls within the meaning or definition of the word "debt" as used in the statute. (*Mill Dam Foundry* v. *Hovey*, 21 Pick. 455; *Gray* v. *Bennett*, 3 Metc. 522.) The default of 1875 did not extend the plaintiff's time to sue this defendant. (*Losee* v. *Bullard*, 79 N. Y. 404; *Cornell* v. *Roach*, 9 Abb. N. C. 275.) The courts will not hold that a right is valid because of provision in an instrument for another or concurrent remedy. (*Central Trust Co.* v. *N. Y. City & N. R. R. Co.*, 20 Weekly Dig. 96; *Burt* v. *Saxton*, 1 Hun, 551; *Williamson* v. *N. A. R. R. Co.*, 1 Biss. 198; *Pratt* v. *Huggins*, 29 Barb. 277; *Hill* v. *Beebe*, 13 N. Y. 556; *Gregory* v. *Thomas*, 20 Wend. 17; *Douglass* v. *Ireland*, 73 N. Y. 107.) The amount due Trinity church on January 1, 1875, as damages for breach of contract, and the amount agreed to be paid on February 1, thereafter, under the name of additional rent, constituted one and the same debt of the company. (*Parrot* v. *Colby*, 71 N. Y. 597; 6 Hun, 55; *Pratt* v. *Huggins, supra.*) No cause of action against defendant Vanderbilt accrued to Trinity church after January 1, 1875. (*Merchants' Bk.* v. *Bliss*, 35 N. Y. 414, 416; *Miller* v. *White*, 50 id. 142; *Wiles* v. *Suydam*, 64 id. 179: *Losee* v. *Bullard*, 79 id. 406.)

DANFORTH, J. The Greer-Turner Sugar Refining Company was organized under the act authorizing the formation of corporations for manufacturing and other purposes (Session Laws of 1848, chap. 40), and the defendant was one of its trustees from 1872 to June, 1875. It failed to make reports in 1873, 1874 and 1875, as required by the twelfth section of that act, and this action was brought on the 14th of January, 1878, to charge him with debts of the company existing, as is alleged, at the times of such defaults. The complaint states that the company hired of the plaintiff certain premises for the term of six years and six months from November 1, 1872, and agreed to pay therefor the yearly rent of $5,000, and also to the proper public officer entitled to collect and receive the same, all such taxes and Croton water-rates as might

be imposed upon the demised premises during each year, and if they "should not be so paid before the first day of February next after the same should have been imposed, then to pay to the plaintiffs on that day as additional rent, whatever sum might be necessary to pay said taxes and Croton water-rates for such year, or either of the same remaining unpaid, with all the penalties and interest accrued thereon."

These allegations are admitted by the defendant to be true, and it further appears from the findings of the trial judge, that in 1873 and 1874, Croton water-rates and taxes were imposed upon the demised premises, and became due and payable in May and September in each of those years, and were not paid, and as conclusions of law he finds:

"*First.* That a right of action for the recovery of the amount of the taxes and Croton water-rates imposed in 1873 accrued to the plaintiffs against the defendant by reason of the omission to file a report in 1873 and 1874, more than three years before the commencement of the action, and that such right is barred by the statute of limitations.

"*Second.* That a right of action for the recovery of the amount, viz.: $2,420.15 which, on the first day of February, 1875, was necessary to pay the taxes and Croton water-rates imposed in 1874, accrued to the plaintiffs against the defendant, on the said first day of February, and that such right was not barred by the statute when this action was begun," and judgment was ordered therefor, with interest.

Appeals were taken to the General Term: By the plaintiff because the trial court denied a recovery for the amount of water-rates and taxes of 1873 ; and by the defendant because the judgment was not given altogether in his favor. The judgment was affirmed, and both parties appeal to this court.

The liability of the company was upon the covenant to pay the water-rates and taxes. The liability of the defendant depended upon the combination of three circumstances, viz.: the existence of the debt, the existence of the default in making the report, and the trusteeship. (*Shaler & Hall Quarry Co.*

v. *Bliss*, 27. N. Y. 297 ; *Duckworth* v. *Roach*, 81 id. 49.)   It is well settled that if there be no obligation giving a present right of action against the company, there is no debt which can be demanded as a penalty against the trustee. (*Jones* v. *Barlow*, 62 N. Y. 202 ; *Whitney Arms Co.* v. *Same*, 63 id. 62; 68 id. 34.)   It is, therefore, as affecting both appeals, material to ascertain the true construction of the terms of the covenant. So far as it requires the company (the lessee) to pay and dis-charge water-rates and taxes, it is precisely like the covenant which lay at the foundation of the case of *Rector, etc.* v. *Higgins* (48 N. Y. 532), and if it went no further, the decision then made would require us to hold, that a right of action against the company accrued on its failure to pay the rates and taxes when imposed, that is, in May and September of each year.   That action, however, was for damages, and when pre-sented to the appellate court, the right of the plaintiffs to maintain it at some time was not disputed, and the only ques-tion raised related to their doing so before actual payment of the assessments then in question.

But in the case before us, the covenant goes further, and pro-vides that if not so paid before the first day of February next after they are so imposed, the company on that day will pay the amount of them as additional rent to the lessor.   Here are two things to be done, and the obligation to perform one depends upon the non-performance of the other as a condition prece-dent, and as that depends upon the will of the promisor, it is in substance an alternative contract, and in such a case the party charged may elect which of the two alternatives he will per-form.   In effect the company said, we will either pay the taxes when they become due, to the city authorities, and so relieve the demised premises, or, as in case we do not, you will be re-quired to do so to protect your property, we will on the first of February pay to you the sum of them, with interest and such penalties as are incurred.

Such a contract is lawful and would be satisfied by the per-formance of either branch of the alternative, at the election of the person bound, and would prevent an action by the cov-

enantee for a default in the first branch of it until the time agreed upon for the performance of the other; for having an election to perform one or the other alternative, the promisor could be charged only upon a breach of both. It follows that on the first day of February, 1874, a debt became due to the plaintiffs from the company for the sum of the water-rates and taxes of 1873.

But the debt came into being before that time. There was an inchoate obligation the moment the lease was executed, and it became perfect and complete by the action of the city officers in May and September of 1873. There was then an existing debt within the meaning of the statute. The report should have been made by the company within twenty days from the first of January, 1874. As it was not, the default, the trusteeship and the debt co-existed. To the amount of those taxes and rates the plaintiffs became a creditor of the company and there happened that concurrence in point of time of the three elements necessary to create as against the defendant the statutory liability. But as we have seen, the cause of action did not accrue against the company until its failure to comply with the second alternative. That occurred on the first day of February, 1874, and as the plaintiffs could then have sued the company, so also they could have sued the defendant. At that moment, therefore, the short statute of limitations prescribed to this class of actions commenced running in his favor (*Shaler & Hall Quarry Co.* v. *Bliss, supra ; Merchants' B'k* v. *Bliss,* 35 N. Y. 412; *Miller* v. *White,* 50 id. 137 ; *Jones* v. *Barlow, supra ; Losee* v. *Bullard,* 79 N. Y. 404), and before the commencement of this action the bar fell. Neither the continuance of the default, nor subsequent omissions on the part of the company to make a report could, as to the debt in question, either renew the old liability, or create a new right of action. The statute operates upon the remedy, and the omission of the creditor to pursue it cannot stop its running. The liability of the trustee was imposed by statute and the benefit and suit therefor are limited to the creditor as the one aggrieved. In such a case when the statute of limitations begins

to run nothing subsequent will stop it. But the question now before us is directly within the principle of the decision of this court in *Losee* v. *Bullard* (*supra*) and permits no further discussion. It can make no difference that the company in this case continued to transact business. The plaintiffs were not required to sue the trustee, but could not, by omitting to do so, prevent the application of the statute.

In regard to the rates and taxes of 1874, it must, in conformity to these views, be held that they did not accrue as a debt against the company until the first of February, 1875. At that time the defendant became liable because of the previous default on the part of the company, and as the action was brought within three years after the debt became due, the recovery against him must be sustained.

Without adding, therefore, to the reasons given by the learned court below, we think both appeals fail and the judgment should be in all respects affirmed, without costs in this court to either party.

All concur, except RAPALLO, J., who votes for reversal on defendant's appeal.

Judgment affirmed.