JOHN F. CARR, Respondent, v. JOHN C. RISHER, Appellant.

*Liability of a trustee of a mining company because of a failure to file the report required by section 12 of chapter 40 of 1848 — effect of the amendment of that section by chapter 510 of 1875, considered — the act does not require the debt to be due, but only to be a debt existing at the time of the default in filing the report.*

Upon the trial of an action, brought against the defendant to recover eleven bonds issued by a mining company on September 28, 1865, which were made payable on October 1, 1868, with interest thereon, payable semi-annually on the first days of April and October in each year, it appeared that the company was incorporated, under chapter 40 of 1848, in September, 1865, and that the defendant was a trustee of the company in January, 1867, and that no report was made or filed within twenty days from the first day of January in that year, as was then required by section 12 of the said act.

By chapter 510 of 1875 the said section was so amended as to require the company to make the report within twenty days from the first day of January, if a year from the time of the filing of the certificate of incorporation shall then have expired; and if so long a time shall not have expired, then within twenty days from the first day of January, in each year, after the expiration of the year from the time of filing such certificate.

*Held*, that, by omitting in the amendment of the section the word "annually," contained in the original section, the law was left, as to preceding cases, in such language as to require no more than that the report should be made within twenty days from any first day of January, without directing that to be done annually, or specifying any first day of January from which the time was to be calculated.

That so much of section 12 of the act of 1848 as was continued in force by the act of 1875, directed no more than that every company formed under the act should make the report within twenty days from the first day of January of the year following the January of the year in which the company was incorporated.

That as there was neither averment nor proof that the report was not made in 1866, it might be inferred that it was then made, filed and published, as that was the duty of the trustees, and that by the omission or repeal in the act of 1875, of the word "annually" the penalty, which had been incurred by the failure to make the report within the first twenty days of January, 1867, was superseded and extinguished. (Van Brunt, P. J., and Brady, J., concurring in the result.)

*Victory Webb Printing Co.* v. *Beecher* (26 Hun, 48; affirmed 97 N. Y., 651) followed.

*It seems*, that an objection, made by the defendant, that the debt was not due at the time of the alleged default, was not well taken, as all the statute requires is that the debt shall be an existing debt at the time of the failure to make and file the report. (Per Daniels, J.)

*Haight* v. *Naylor* (5 Daly, 219) approved; *Nimmons* v. *Hennion* (2 Sweeney, 663) criticised.

# 148 CARR v. RISHER.

APPEAL from a judgment entered in the office of the clerk of the city and county of New York, on February 1, 1888, on the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*Thomas G. Shearman*, for the appellant.

*John V. Arnold* and *Gilbert D. Lamb*, for the respondent.

DANIELS, J.:

The verdict and judgment were recovered against the defendant for the amount owing on eleven bonds, of $1,000 dollars each, issued by the Pittsburg and Martinez Silver Mining Company, on the 28th of September, 1865. The bonds were made payable on the 1st of October, 1868, with interest semi-annually on the first of April and October in each year. The company was incorporated under the manufacturing laws of the State of New York in September, 1865, and the evidence tended to establish the fact to be that the defendant was a trustee of the company in January, 1867; and that no report was made or filed within twenty days from the first day of that month, as that was then required to be done by section 12 of chapter 40 of the Laws of 1848. And it was on this ground, the defendant having been in the meantime a non-resident of this State, that he was held liable for the amount unpaid on these bonds. A great variety of objections have been presented to the right of the plaintiff to maintain the action on the proof produced at the trial; but neither of these objections appear to stand upon any substantial foundation, except the objections that the debt was not due at the time of the alleged default, and that so much of the statute as created the liability was afterwards repealed by chapter 510 of the Laws of 1875, which was enacted before this suit was commenced. In support of the first of these two objections, the case of *Nimmons* v. *Hennion* (2 Sweeney, 663) has been cited as controlling, but it is certainly extremely doubtful whether this case contains a correct exposition of the law; for all that the statute has required in this respect is that the debt shall be existing at the time of the failure to make and file the report. And these debts did so exist, although they were not due; and that was considered the true construction of the statute in *Haight* v. *Naylor*

(5 Daly, 219); and what was incidentally said upon the same subject in *Garrison* v. *Howe* (17 N. Y., 458); *Leggett* v. *Bank of Sing Sing* (24 id., 283), and *Jones* v. *Barlow* (62 id., 203), is in the same direction. But to dispose of the action this point is not required to be actually decided, for the second objection, which has been mentioned, seems to be fatal to the right of the plaintiff to maintain it. As the law was originally enacted in 1848, every company incorporated under it was required annually, within twenty days from the first of January to make a report, which should be verified, published and filed; stating the amount of capital of the company; the proportion actually paid in, and the amount of its existing debts And for a failure to make, publish and file such report all the trustees of the company were declared to be jointly and severally liable for all its existing debts, and such as should be contracted before the report should be made.

By the act of 1875 this section underwent an important and material change. It was then amended so as to require the company to make the report within twenty days from the first of January, if a year from the time of the filing of the certificate of incorporation shall then have expired, and if so long a time shall not have expired, then within twenty days from the first of January in each year after the expiration of the year from the time of filing such certificate. This change, it is true, only repeals so much of section 12 of chapter 40 of the Laws of 1848 as it omitted to include. (*Moore* v. *Mausert*, 49 N. Y., 332.) But the omission which was then made had an important effect upon the liability of the defendant, for it left only so much of the act of 1848 applicable to his default or omission, relied upon in support of this action, as required the company to make the report within twenty days from the first day of January, without indicating what January was intended. By omitting in the amendment of the section the word " annually," the law was left, as to preceding cases, in such language as to require no more than that the report should be made within twenty days from the first day of January, without directing that to be done annually, or specifying any first day of January from which the time was to be calculated. And so much of section 12 of the act of 1848 as was continued in force by the act of 1875 directed no more than that every company formed under the act

should make the report within twenty days from the first of January of the year following the January of the year in which the company was incorporated. To maintain the liability of the defendant in this case the word " annually," as it was employed in the act of 1848, was essential. That is to be inferred from the use of that word in the act of 1848. Without it the obligation or duty intended then to be created was not complete; if it had been, the word would not have been used at all, and its omission in 1875, consequently, so far changed the law, in its application to this case, as to dispense with annual reports.

As it was left by the amendment in 1875, the law has been observed; for, as there is neither averment nor proof that the report was not made in 1866, it may be inferred that it was then made, filed and published, as that was the duty of the trustees; and that it was made, filed and published after 1867 is conceded by the complaint. By omitting or repealing this word " annually," as that was the effect of the act of 1875, the penalty which had been incurred by the failure to make the report within the first twenty days of the month of January, 1867, was superseded and extinguished. This general subject was considered in *Victory Webb Printing Company* v. *Beecher* (26 Hun, 48), and the change in the statute was held to relieve the defendant, then before the court, from liability. And this view is further sustained by its affirmance in the Court of Appeals. (97 N. Y., 651.)

No other failure to make, publish or file the report has been alleged as a ground of this action, but it was conceded that the report was made, as it should have been, after the year 1867. By omitting the use of the word " annually " from this section of the act of 1848 no liability was left upon the defendant for the omission to make, publish and file the report in January, 1867. And the consequence is, that the plaintiff was not entitled to maintain the action, and the judgment and order should be reversed and a new trial directed, with costs to the defendant to abide the event.

VAN BRUNT, P. J., and BRADY, J., concurred in the result.

Judgment and order reversed and new trial directed, with costs to the defendant to abide the event.