## ALLEN v. CLARK.

(Supreme Court, General Term, Third Department. November 22, 1892.)

1. ASSIGNMENT OF JUDGMENT—POWER OF PARTNER.
   An assignment of a judgment in favor of a firm by one of the members, in its name, passes a good title.

2. CORPORATION TRUSTEES—INDIVIDUAL LIABILITY.
   Laws 1848, c. 40, § 12, as amended by Laws 1875, c. 510, provides that every manufacturing or mining company "shall within 20 days from the 1st day of January in each year * * * make a report of its assets and liabilities," and that, if any such company shall fail so to do, all the trustees shall be liable for its debts. Held, that a judgment for costs against the company was a debt for which a trustee might be liable under the act. Allen v Clark, 15 N. E. Rep. 387, 108 N. Y. 272, followed.

3. SAME—ESTOPPEL BY RECORD.
   Where, in an action by a corporation, the defendants are charged as co-partners, in a subsequent suit against one of the corporation trustees, under Laws 1848, c. 40, § 12, as amended by Laws 1875, c. 510, on a judgment for defendants in that action for costs, the trustee is estopped to deny such partnership.

4. ASSIGNMENT OF JUDGMENT—RIGHTS OF ASSIGNEE.
   By the assignment of such judgment for costs the assignee becomes entitled to enforce the individual liability therefor of a trustee.

5. CORPORATIONS—FILING ANNUAL REPORT—STATUTORY PROVISION.
   The effect of the omission of the word "annually" from the corporation act of 1848, and the insertion of the words "each year," as shown by Laws 1875, c. 510, amendatory thereof, and providing that corporations "shall within 20 days after the 1st day of January in each year," make a report, etc., was to relieve corporations organized a short time before January 1st in any year from making a report until a full year from its organization had expired, and did not relieve corporations organized before the amendment from thereafter making an annual report. Allen v. Clark, 15 N. E. Rep. 387, 108 N. Y. 272, followed.

6. MINING CORPORATION—TERMINATION OF EXISTENCE.
   The fact that the general business of a mining corporation has ceased to be prosperous, and its property is suffered to go to waste, does not extinguish its corporate existence, where it maintains agencies for the sale of lumber, which was part of the business specified in the articles of incorporation.

Appeal from judgment on report of a referee.

Action by Horace J. Allen against George C. Clark. From a judgment entered for plaintiff on the report of a referee, defendant appeals. Affirmed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

Louis Hasbrouck, for appellant.

The assignment of the judgment against the corporation did not give to the assignee the right to enforce collection against the corporation trustee. Coughlin v. Railroad Co., 71 N. Y. 443; McBratney v. Railroad Co., 17 Hun, 385, affirmed in 87 N. Y. 467; Hegerich v. Keddie, 99 N. Y. 258, 1 N. E. Rep. 787; Zabriskie v. Smith, 13 N. Y. 322; Brackett v. Griswold, 103 N. Y. 425, 9 N. E. Rep. 438; Blake v. Griswold, 104 N. Y. 613, 11 N. E. Rep. 137.

E. H. Neary, for respondent.

MAYHAM, P. J.   This action was prosecuted by the plaintiff as the assignee of a judgment rendered against the Clifton Mining Company, of which the defendant was one of the trustees.   The case discloses that the judgment was for costs in an action unsuccessfully prosecuted by the Clifton Mining Company, a corporation duly incorporated under the laws of this state, for alleged trespasses alleged to have been committed by the plaintiff's assignors, in whose favor judgment was rendered in the action; and the plaintiff in this action seeks to charge the defendant, under the provisions of section 12 of chapter 40 of the Laws of 1848, as amended by chapter 510 of the Laws of 1875, on the ground that the trustees of said corporation, of whom he was one, had failed to make and file the report required by that section in the proper county clerk's office within 20 days after the 1st day of January, 1886, or within 20 days after the 1st of January, in either of the years from 1880 to 1886, both inclusive.   That section provides that every such company—

"Shall, within twenty days after the 1st day of January in each year, * * * make a report, * * * which shall state the amount of capital, and the proportion actually paid in, the amount of its existing debts; * * * and, if any of said companies shall fail to do so, all the trustees of the company shall be jointly and severally liable for all debts of the company then existing, and for all that shall be contracted before such report is made."

That this judgment is a debt coming within the terms of that section is no longer an open question, as the same has been expressly so declared in Allen v. Clark, 108 N. Y. 272, 273, 15 N. E. Rep. 387.

It is objected that the plaintiff in this action did not show title to the judgment in him, and that he was not, therefore, a creditor of the corporation, so as to enable him to maintain this action against the defendant as one of the trustees.   We cannot agree with that contention. The complaint of the corporation in the action in which this judgment was recovered charged the defendants therein as copartners, and the defendant, who is a trustee of the corporation, is estopped of record from now denying the existence of that relation; and the judgment, at least as to the plaintiff and defendant in that record, became a judgment in favor of the firm; and we think an assignment by the firm, in the firm name, by one of its members, passed a good title to the same to the plaintiff.   He therefore became the creditor of the corporation, and in a proper case could proceed against a trustee for the payment of his debt.   The assignment of the judgment against this corporation, organized under the acts above referred to, carries with it the claim or debt upon which it was founded, and all the rights and remedies for the recovery and collection of the same, including the remedy given by the act against the trustees.   Bolen v. Crosby, 49 N. Y. 183.

It is also urged that the amendment of the act of 1848 by the act of 1875 dispensed with the making of an annual report where the certificate was filed before the passage of that amendment, and in this case was fully complied with by making a report within 20 days after the 1st of January, 1876.   We do not think the statute capable of that construction in this case.   There is no apparent reason for any distinction between corporations organized before the amendment of 1875 and

those incorporated after that time, so far as the policy and object of the law requiring this report is concerned; and while the word "annually" is omitted from section 12 as amended in 1875, the words "each year" were, we think, intended to take its place.    The apparent object of the amendment of 1875 was to relieve corporations organized, and the certificates of which were filed but a short time before the 1st of January in any year, from making this report until one full year from its organization had expired, and not to relieve corporations organized before the amendment from making an annual report.    We are aware that the general term of this court, in Carr v. Risher, 50 Hun, 147, 2 N. Y. Supp. 792,—a case somewhat like this, but different from it in some essential particulars,—reached a different conclusion, which we would be inclined, out of respect due to that court, to follow, but for the decision of the court of appeals in Allen v. Clark, supra.    In that case, Earl, J., in pronouncing the opinion of the court, in construing section 12, as amended by chapter 510 of the Laws of 1875, uses this language:    "The section provides that every such company shall, within twenty days from the 1st day of January in each year, make a report," etc.,—following with the substance of the section.    It is true that the judge, in this opinion, does not quote the literal words of the section; but it is quite apparent that he gives the construction that court places upon the language and effect of the amendment, and reflects the reasonable interpretation of the intention of the legislature, and does no violence to the well-settled rule of interpretation expressed by the court in Cheese Co. v. Murtaugh, 50 N. Y. 314–317, that—

"A penal statute will not be extended by implication or construction to cases within the mischief, if they are not at the same time within the terms, of the act, fairly and reasonably interpreted."

Nor do we think that the contention of the learned counsel for the appellant, that at the time of contracting the debt sought to be recovered in this action the Clifton Mining Company had ceased to be a corporation, can be sustained.    The referee finds, as we think, upon sufficient evidence—

"That the Clifton Mining Company was duly organized under the general manufacturing act of 1848, as amended and supplemented by other legislation of the state, and continued its corporate existence from the time of its organization until after the commencement of this action."

It is apparent that the business of the corporation, for some years prior to the commencement of this action, was not prosperous, and much of its property was suffered to go to waste and decay; but it continued to maintain agencies, and carry on the sale of bark and timber and lumber, which was a part of the business specified in its articles of incorporation, and did other acts in reference to its corporate property, down to about the time of the commencement of this action.

It is also objected by the appellant, as the action brought against him is in the nature of a penalty, it was not assignable, and that no right of action passed by the assignment against this defendant.    But the assignment in this case was of the judgment against the corporation, which was a money claim against it, established by a judgment which imported upon its face absolute verity; and its assignment

to the plaintiff carried with it all the incidents attached by law to, and benefits connected with, it. One of its incidents was the method of enforcing collection against a trustee, and that, we think, passed by the assignment to the assignee. This was held in Bolen v. Crosby, 49 N. Y. 183. To the same effect is Bonnell v. Wheeler, 1 Hun, 332, wherein Miller, J., writes an elaborate opinion, on which the court of appeals affirmed a judgment in 68 N. Y. 294. See, also, Hoag v. Lamont, 60 N. Y. 96. Also, Bonnell v. Griswold, 80 N. Y. 128, 89 N. Y. 122, and 103 N. Y. 429, 9 N. E. Rep. 434; Brackett v. Griswold, 112 N. Y. 458, 20 N. E. Rep. 376. We think the numerous cases cited by the learned counsel for the appellant all distinguishable from the one at bar upon this branch of the case.

The remaining question raised by the appellant's counsel on this appeal is as to whether or not the Clifton Mining Company was properly incorporated under the act of 1848, as amended, so as to subject its trustees to the provisions of section 12 of that act, and its amendments. While the specifications in their articles of incorporation are more in detail than those specified in the acts, yet we think that they are all embraced in the general and comprehensive terms of the "Act to authorize the formation of corporations for manufacturing, mining, mechanical, or chemical purposes," and that the provisions of that act, with its amendments, apply to this corporation and its trustees and officers.

On the whole case, we see no error for which the judgment should be reversed. Judgment affirmed, with costs. All concur.