(11 Misc. Rep. 526.)

### WITHEROW v. SLAYBACK et al.

(Superior Court of New York City, General Term. March 4, 1895.)

CORPORATIONS—FAILURE TO FILE ANNUAL REPORT—LIABILITY FOR DEBTS.

A note indorsed by a corporation for accommodation creates a conditional liability, which becomes fixed only on default of the maker at maturity, and therefore the failure to file the annual report of the condition of the corporation before January 20th of any year, as required by statute, does not render the officers liable on the note, which became due in the following April, where the report was filed before that time, though the note was indorsed in the October preceding.

Appeal from jury term.

Action by James P. Witherow against John D. Slayback and others. From a judgment entered on the direction of the trial judge dismissing the complaint, plaintiff appeals. Affirmed.

Argued before SEDGWICK, C. J., and McADAM and BEEKMAN, JJ.

William C. Holbrook, for appellant.
H. Bacon and C. Strauss, for respondents.

McADAM, J. The action is to recover $11,072.63, with interest, from the defendants, as officers of the Port Henry Steel & Iron Company, Limited, upon a note alleged to have been indorsed by that corporation for the accommodation of one Thomas F. Witherbee. The corporation was formed under the business corporation act of 1875 as a limited liability company; and the defendants, together with Thomas F. Witherbee and Andrew Dickey, were its officers.

The plaintiff alleges five grounds of liability, making each a separate cause of action. These grounds are as follows: (1) Failure to file a report within 20 days after January 1, 1886. (2) Failure to file a report within 20 days after January 1, 1887. (3) Failure to file a report within 20 days after January 1, 1888. (4) The filing

in January, 1887, of a false certificate of the full payment of stock. (5) The making of the following statements in an annual report filed February 16, 1887, which were alleged to be false: (a) That the capital stock of said corporation had been actually and fully paid in cash; (b) that the existing assets of the corporation were none; (c) that one T. F. Witherbee was a stockholder of the corporation.

The liability sought to be enforced was based on a note made by T. F. Witherbee in October, 1886, and indorsed, "Andrew Dickey, Treasurer," which by its terms became due April 6, 1887. Assuming, for present purposes, that the act of Dickey bound the corporation, its obligation was that if Witherbee did not on April 6, 1887, pay the note upon presentation at the place where it was payable, and if it was duly notified of the presentation of the note and the failure of Witherbee to pay, then the corporation would pay. This was not an absolute engagement to pay, but a conditional one, and would have been avoided if the maker had paid the note at maturity, or if the plaintiff had failed to present it at the time and place fixed for its payment, and neglected to follow the default by notice to the corporation, as indorser, of such presentment and nonpayment. The report filed in February, 1887, was therefore filed two months before any claim against the company accrued to the plaintiff, and consequently no liability of the defendants was established on either of those grounds. Laws 1875, c. 611, § 18; Torbett v. Goodwin, 62 Hun, 407, 17 N. Y. Supp., at page 48; Garrison v. Howe, 17 N. Y. 458; Oviatt v. Hughes, 41 Barb. 541; Manufacturing Co. v. Beecher, 26 Hun, 48, affirmed 97 N. Y. 651; Gold v. Clyne, 134 N. Y. 262, 31 N. E. 980. The sufficiency of the defense arising upon these facts to the first and second causes of action is not affected by the alleged falsity of the report, even if such falsity had been established. Bonnell v. Griswold, 80 N. Y. 128; Whitney Arms Co. v. Barlow, 68 N. Y. 34.

Another complete answer to the failure to file report in 1887 is that in August, 1886, the corporation had abandoned its business and franchises, and after that there was no duty imposed upon the trustees to file any report. The cessation of business by the corporation to the extent proven was tantamount to its dissolution. Losee v. Bullard, 79 N. Y. 404; Bruce v. Platt, 80 N. Y. 379; Kirkland v. Kille, 99 N. Y. 390, 2 N. E. 36.

The company passed into the hands of a receiver in June, 1887, and, for this and the reason previously assigned, there was no obligation to make a report in 1888.

Those three alleged causes of action having been disposed of, and the fourth having been waived, the fifth remains to be considered. As to this there was not sufficient evidence to go to the jury, and hence the trial judge properly dismissed the complaint.

Another reason which seems to justify the conclusion reached is that the fifth alleged cause of action relates to the falsity of the report filed February 16, 1887; and while the liability of the corporation as indorser on the note did not become complete until April 6, 1887, the debt represented by it, and presumably owing by Witherbee, the maker, was contracted in October, 1886. The statute being

highly penal, and therefore one which must receive a strict construction, no liability attaches against officers of a corporation for a false report, unless it appears that the report was filed before the credit was given (Torbett v. Goodwin, supra); for the purpose of the report is that the public may be correctly informed of the financial condition of the corporation, in order that it may judge whether credit should be given it or not. As to debts contracted or liabilities incurred before the filing of the report, clearly no one could be misled to his prejudice; and the plaintiff, being in no manner injured, cannot complain.

The judgment appealed from must be affirmed, with costs. All concur.