## LEE v. JACOB et al.

(Supreme Court, Appellate Division, Second Department.  March 14, 1899.)

1. CORPORATIONS—DIRECTOR'S LIABILITY.
   A debt of a corporation, though not yet due, is within Laws 1892, c. 688, § 30, providing, if a corporation fail to make and file an annual report in January, the directors shall be liable for all debts of the corporation then existing.

2. SAME—ABANDONMENT OF BUSINESS.
   Liability of directors of a corporation, under Laws 1892, c. 688, § 30, because of failure to file an annual report in January for "then-existing" debts of the corporation, is not affected by its abandonment of business later in the year.

3. JUDGMENT—FRIVOLOUS ANSWER.
   Judgment for plaintiff on the ground that the answer is frivolous is proper, though the motion for judgment is made before expiration of time to amend, application to amend not being made on the hearing.

Appeal from special term, New York county.

Action by Alleine Lee against William H. Jacob and another. From a judgment on an order adjudging defendants' answer frivolous, and ordering judgment for plaintiff for the relief demanded in the complaint, defendants appeal.  Transferred from First to Second department.  Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

George N. Messiter, for appellants.

Howard Thayer Kingsbury (William H. L. Lee, on the brief), for respondent.

HATCH, J.   By this action the plaintiff seeks to charge the defendants with liability, as directors of a domestic corporation, for omitting to file an annual report as required by the statute.   The facts out of which the liability is claimed to arise are averred in the complaint, and are these:   The Jacob & Skinner Realty Company was a domestic corporation, organized under the laws of this state, and having its place of business in the borough of Manhattan; that, being indebted to the plaintiff, it made and executed its bond, dated May 24, 1895, conditioned for the payment of $17,000 on the 24th day of May, 1900, with interest thereon payable semiannually, and, as collateral security for the payment of the bond, it executed a mortgage upon real estate.   The corporation made default in the payment of interest upon the bond in accordance with its terms; and on June 1, 1896, plaintiff brought an action for the foreclosure of the mortgage, which proceeded to a judgment and sale of the premises, and resulted in a deficiency for the sum of $1,829.97, which this action seeks to recover.   The complaint also avers that the corporation omitted to make and file an annual report during the month of January, 1896, and for the two subsequent years of 1897 and 1898.   The answer admits, either affirmatively or by not denying, the averments of the complaint; and it alleges as an affirmative defense that about June of 1896 the corporation ceased to do business, and has not

transacted any business since that time; that it then had no assets or property, and voluntarily abandoned its corporate functions.

Three points are presented by this appeal: Was the debt upon the bond, when the corporation failed to file its annual report, in January, 1896, an existing debt, within the meaning of the statute? Ought the defendants to have been permitted to serve an amended answer after the motion for judgment was made? Did the voluntary abandonment relieve the defendants from liability?

That this bonded indebtedness was not an "existing debt," within the meaning of the statute, was decided in Nimmons v. Hennion, 2 Sweeny, 663, on the ground that the debt was not due when the annual report was required to be filed. This is the defendants' present contention. Unfortunately for the defendants, the authority of this case has been repudiated (Haight v. Naylor, 5 Daly, 219; Carr v. Risher, 50 Hun, 147, 2 N. Y. Supp. 792), and the contention must be. The defendants, however, insist that they are supported in their claim by the decision in Jones v. Barlow, 62 N. Y. 202. The present is by no means the first time that resort has been had to this case for the purpose of supporting such a claim; and it must be admitted that the language of the discussion is somewhat confusing, unless the facts are carefully borne in mind. Care in examination, however, easily shows that it does not support the claim. On the contrary, it is an authority directly the reverse of it. The first statement of the opinion is that the defendants were made liable for the debts of the corporation by reason of the failure to make and file a report as required by law. This default was in 1871. The indebtedness accrued and became due in that year. The notes which were taken for the indebtedness were given in 1872, and fell due at various times. Suit was brought in February, 1873, at a time before three of the notes matured; and it was held that as to these three notes no recovery could be had, as they were not due when the action was begun. The court held that the liability of the trustees was co-extensive and concurrent with the corporation; and, as no suit could be maintained against the corporation to enforce liability for the notes not yet due, none could be against the trustees. But liability was made to rest against the latter for failure to file the report, and such liability attached to the notes not due as well as those for which a recovery was had. As to the former, the action was simply premature. This is clearly pointed out in Rector, etc. v. Vanderbilt, 98 N. Y. 170. Abundant authority exists to support this view, in addition to that already cited. Pipe Co. v. Connell, 86 Hun, 319, 33 N. Y. Supp. 482; Blake v. Clausen (Sup.) 38 N. Y. Supp. 514; Arms Co. v. Barlow, 63 N. Y. 62; Duckworth v. Roach, 8 Daly, 159; Gold v. Clyne, 134 N. Y. 262, 31 N. E. 980. In Witherow v. Slayback, 11 Misc. Rep. 526, 32 N. Y. Supp. 746, there was no debt, but only a contingent liability, which might never ripen into an obligation. In the present case the debt was a fixed obligation, which was required to be discharged by the corporation; and, as such, it was a debt in existence within the meaning of the statute, and the fact that it was not then due does not affect the question. The motion for judgment was properly made, even though the time

in which to serve an amended pleading had not expired. There was no application to amend when the hearing was had, and the defendants cannot insist upon it here. Ross v. Ross, 25 Hun, 642; Burrall v. Moore, 5 Duer, 654. The abandonment of the business was not until after the default to file had been had. The subsequent abandonment did not suffice to relieve from liability.

The judgment below was right, and should therefore be affirmed.

Judgment affirmed, with costs. All concur.