ALLEINE LEE, Respondent, *v.* WILLIAM H. JACOB and REUBEN SKINNER, Appellants.

38 531
59 601

*Corporation — liability of directors who do not file a report in January, 1896 — a bond executed by it in 1895 and payable in 1900 is an existing obligation in 1896 — effect of the abandonment of the business after a failure to file the report — motion for judgment upon an order striking out an answer as frivolous — when it may be made.*

A bond executed in 1895 and payable in 1900, given by a corporation and secured by a mortgage on its real estate, is, in January, 1896, an existing debt of the corporation for which the directors of the corporation become liable by a failure to file their annual report in January, 1896.

The abandonment of the business of the corporation, after the default in filing occurs, does not operate to relieve the directors from liability.

A motion for judgment upon an order striking out an answer as frivolous is properly made, although the time in which to serve an amended answer has not expired; and where the defendant made no application to amend his answer upon the hearing of the motion, he cannot upon appeal insist upon his right to do so.

APPEAL by the defendants, William H. Jacob and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 14th day of October, 1898, upon an order made at the New York Special Term adjudging the defendants' answer to be frivolous and striking

it out, and also from the order upon which such judgment was entered.

This appeal was transferred from the first department to the second department.

*George N. Messiter*, for the appellants.

*Howard Thayer Kingsbury* [ *William H. L. Lee* with him on the brief], for the respondent.

HATCH, J.:

By this action the plaintiff seeks to charge the defendants with liability, as directors of a domestic corporation, for omitting to file an annual report as required by the statute. The facts out of which the liability is claimed to arise are averred in the complaint, and are these: The Jacob & Skinner Realty Company was a domestic corporation, organized under the laws of this State, and having its place of business in the borough of Manhattan; that, being indebted to the plaintiff, it made and executed its bond, dated May 24, 1895, conditioned for the payment of $17,000 on the 24th day of May, 1900, with interest thereon payable semi-annually, and as collateral security for the payment of the bond it executed a mortgage upon real estate. The corporation made default in the payment of interest upon the bond in accordance with its terms, and on June 1, 1896, plaintiff brought an action for the foreclosure of the mortgage, which proceeded to a judgment and sale of the premises, and resulted in a deficiency for the sum of $1,829.97, which this action seeks to recover. The complaint also avers that the corporation omitted to make and file an annual report during the month of January, 1896, and for the two subsequent years of 1897 and 1898. The answer admits, either affirmatively or by not denying, the averments of the complaint, and it alleges, as an affirmative defense, that about June, of 1896, the corporation ceased to do business, and has not transacted any business since that time; and that it then had no assets or property, and voluntarily abandoned its corporate functions.

Three points are presented by this appeal: Was the debt upon the bond, when the corporation failed to file its annual report in January, 1896, an existing debt within the meaning of the statute?

Ought the defendants to have been permitted to serve an amended: answer after the motion for the judgment was made? Did the voluntary abandonment relieve the defendants from liability?

That this bonded indebtedness was not an existing debt within the meaning of the statute was decided in *Nimmons* v. *Hennion* (2 Sweeny, 663) on the ground that the debt was not due when the annual report was required to be filed. This is the defendants' present contention. Unfortunately for the defendants, the authority of this case has been repudiated (*Haight* v. *Naylor*, 5 Daly, 219; *Carr* v. *Risher*, 50 Hun, 147), and the contention must be. The defendants, however, insist that they are supported in their claim by the decision in *Jones* v. *Barlow* (62 N. Y. 202). The present is by no means the first time that resort has been had to this case for the purpose of supporting such a claim, and it must be admitted that the language of the discussion is somewhat confusing unless the facts are carefully borne in mind. Care in examination, however, easily shows that it does not support the claim; on the contrary, it is an authority directly the reverse of it. The first statement of the opinion is that the defendants were made liable for the debts of the corporation by reason of the failure to make and file a report as required by law. This default was in 1871; the indebtedness accrued and became due in that year. The notes which were taken for the indebtedness were given in 1872, and fell due at various times. Suit was brought in February, 1873, at a time before three of the notes matured, and it was held that as to these three notes no recovery could be had, as they were not due when the action was begun. The court held that the liability of the trustees was co-extensive and concurrent with the corporation, and as no suit could be maintained against the corporation to enforce liability for the notes not yet due, none could be against the trustees. But liability was made to rest against the latter for failure to file the report, and such liability attached to the notes not due as well as those for which a recovery was had; as to the former the action was simply premature. This is clearly pointed out in *Rector, etc., of Trin. Church* v. *Vanderbilt* (98 N. Y. 170). Abundant authority exists to support this view in addition to that already cited. (*Providence Steam Co.* v. *Connell*, 86 Hun, 319; *Blake* v. *Clausen*, 38 N. Y. Supp. 514; *Whitney Arms Co.* v. *Barlow*, 63

N. Y. 62; *Duckworth* v. *Roach*, 8 Daly, 159; *Gold* v. *Clyne*, 134 N. Y. 262.)

In *Witherow* v. *Slayback* (11 Misc. Rep. 526) there was no debt, but only a contingent liability which might never ripen into an obligation. In the present case the debt was a fixed obligation which was required to be discharged by the corporation, and as such it was a debt in existence within the meaning of the statute, and the fact that it was not then due does not affect the question. The motion for judgment was properly made, even though the time in which to serve an amended pleading had not expired. There was no application to amend when the hearing was had, and the defendants cannot insist upon it here. (*Ross* v. *Ross*, 25 Hun, 642; *Burrall* v. *Moore*, 5 Duer, 654.) The abandonment of the business was not until after the default in filing had been made. The subsequent abandonment did not suffice to relieve from liability.

The judgment below was right, and should, therefore, be affirmed.

All concurred.

Judgment affirmed, with costs.