ISAAC F. DUCKWORTH, Respondent, *against* JOHN ROACH *et al.* Appellants.

(Decided December 2d, 1878.)

A cause of action against the trustees of a manufacturing corporation, under L. 1848, c. 40, § 12, for a failure to file an annual report, accrues immediately upon such failure, and the limitation to such actions of three years begins to run at that time, and not from the time when the debt against the corporation accrued.

The trustees, upon a failure to file any annual report, become liable for all the debts of the corporation contracted during their trusteeship and due and unpaid at the time of such failure, and are not exempted therefrom by having filed an annual report for a previous year, and after the debt against the corporation had accrued.

APPEAL from a judgment of this court, entered upon a verdict for the plaintiff, rendered by direction of the court at the trial of the action.

This action was brought against the defendants as trustees of the " Ætna Iron Works," a manufacturing corporation organized under the general statute of New York for that purpose, to enforce the liability of the defendants as trustees to pay a debt of the corporation. The debt arose from money loaned to the corporation in April, 1873. There was no failure on the part of the trustees to file an annual report within twenty days after January 1st, 1874, but there was such failure to file an annual report in 1875. At the time the loan to the corporation was made the defendants were its trustees, and they continued in office until after January, 1875. This action was begun on February 17th, 1877. At the opening of the trial, and at the close of plaintiff's evidence, defendants moved to dismiss the complaint. These motions were denied, and the court, at the close of plaintiff's evidence, directed a verdict for the plaintiff, to which defendants excepted.

*George W. Van Siclen,* for appellant. Cited, *Merchants' Bank* v. *Bliss* (35 N. Y. 412) ; *Miller* v. *White* (50 N. Y. 137) ; *Jones* v. *Barlow* (62 N. Y. 206, 207) ; *McHarg* v. *Eastman* (55 How. Pr. 205) ; *Chambers* v. *Lewis* (28 N. Y. 454) ; *Boughton* v. *Otis* (21 N. Y. 261, 265).

*Hatch & Van Allen,* for respondents. Cited, L. 1848, c. 40, § 12 ; *Garrison* v. *Howe* (17 N. Y. 458, 466) ; *Vincent* v. *Sands* (42 How. Pr. R. 231) ; *Jones* v. *Barlow* (38 N. Y. Superior, 142 ; Id., 62 N. Y. 202) ; *Chandler* v. *Hoag* (2 Hun, 613.

VAN HOESEN, J.—The defendants were trustees of the Ætna Works in April, 1873, when the debt was contracted,

and they continued in office during January, 1875, at the time of the failure of the company to make and publish the report required by law. (L. 1848, c. 40, § 12.) The debt was for money borrowed by the Ætna Iron Works, and was payable presently. It is to be presumed that the report required by the act was duly filed in 1874, but it is conceded that it was not filed in 1875. This action was begun in 1877, more than three years after the debt became due and payable. The defendants insist that judgment should be given in their favor. First, because in 1874, after the debt fell due, the report was duly made and published; and, secondly, because this action was not brought within three years after the plaintiff's right of action accrued against the Ætna Iron Works. It is undoubtedly true that during the year 1874, and during so much of the month of January, 1875, as was given by law to the company to make and publish its annual report, the plaintiff had no cause of action against the defendants. Of course, he could have sued the company at any time in 1873, after the loan was made, or at any time in 1874, or in 1875, but his right of action against the defendants did not arise until the company failed to make its report. His remedy against the defendants and his remedy against the company were not twin-born. There may be circumstances, such as Judge Allen found in *Jones* v. *Barlow* (62 N. Y. 202), which make the liability of the trustee coetaneous with that of the company ; for example, where, as in that case, the default in making the report had occurred before the debt was contracted. But where the default in making the report happens after the debt is incurred, nothing except an invincible resolution to save a trustee at all hazards would lead to a decision that the statute of limitations began to run in his favor at the very instant the debt became due, though no action could be maintained against him until after a failure to make the report. The cause of action against the defendants arose in 1875, immediately after the default in making the report. For what debts did they become liable ? For all debts of the company then existing, and for all contracted before the report is

made.   (Sec. 12, act above cited.)   The debt due the plaintiff then existed, and is clearly within the letter of the statute.   But, it is said that as the company made its report in 1874 the trustees are not liable for any debts of the company contracted prior to that time.   To sustain that proposition the appellant cites *McHarg* v. *Eastman* (35 How. Pr. 205), *Chambers* v. *Lewis* (28 N. Y. 454) and *Boughton* v. *Otis* (21 N. Y. 261) ; but I can find nothing in any of these decisions to support his views.   The effect of filing the report in 1874 was to. exempt the defendants from liability for one year, and the trustees who were in office when the debt was incurred could have protected themselves as long as they remained in office by complying with the law respecting annual reports.   For the neglect of their successors in office to make reports they could not be held responsible, even for debts incurred during their trusteeship.   But when they themselves made default the penalty of the law is, that they shall pay all debts which were contracted whilst they were in office, and which are due and unpaid at the time of the default.

The judgment should be affirmed with costs.

LARREMORE, J., concurred.

Judgment affirmed, with costs.