ISAAC F. DUCKWORTH, Respondent, *v.* JOHN ROACH et al.,
Appellants.

An action under the manufacturing act (§ 12, chap. 40, Laws of 1848)
against the trustees of a corporation organized under it, to recover a debt
of the corporation because of its failure to file an annual report, need not
be commenced within three years after the debt accrued against the cor-
poration. It is immaterial when the debt arose; if it existed and might
have been the subject of an action at the time of the alleged default in
complying with the requirement of the statute, an action may be com-
menced at any time within three years thereafter.

Where, therefore, plaintiff loaned money to such a corporation in 1873, and
the corporation omitted to file a report in January, 1875, *held*, that an
action against defendants, as trustees, commenced in March, 1877, was
in time.

Upon appeal defendants claimed that no report was filed in January, 1874,
and so that the action was barred. This was not alleged in the pleadings,
and the fact nowhere appeared in the proceedings on trial. *Held*, unten-
able; that to present the point that the cause of action accrued in 1874,
defendants should have shown on the trial the omission to file a report
for that year.

(Submitted April 8, 1880; decided April 20, 1880.)

APPEAL from judgment of the General Term of the Court
of Common Pleas in and for the city and county of New York,
affirming a judgment in favor of plaintiff, entered upon a
verdict. (Reported below, 8 Daly, 159.)

This action was brought against defendants as trustees of the
" Ætna Iron Works," a corporation organized under the General
Manufacturing Act (chap. 40, Laws of 1848) to recover the
amount of a debt due the plaintiff from the corporation because
of alleged failure to file an annual report in January, 1875.

The material facts appear in the opinion.

*Geo. W. Van Sicklen* for appellants. The fact that defendants
refused to act as trustees after the expiration of their terms of
office, was enough to relieve them from liability. (*Merchants'
Bank* v. *Bliss*, 35 N. Y. 412, 416; *Jones* v. *Barlow*, 62 id. 202,
204, 205; *Whitney Arms Co.* v. *Barlow*, 68 id. 34.) An ac-

tion against the trustees of a manufacturing corporation, for an omission to file the annual report, must be commenced within three years after the debt of the company arose. The failure to file the annual report in 1874 should have been set up in the complaint, and proved. (*Whitney Arms Co.* v. *Barlow*, 68 N. Y. 34, 37; *McHarg* v. *Eastman*, 7 Robt. 137; *Garrison* v. *Howe*, 17 N. Y. 458, 466; *Esmond* v. *Bullard*, 16 Hun, 65, 66, affirmed January 13th, 1880.) Neither the statute nor the practice give to plaintiff successive penalties each year that the trustees fail to file a report. (*Merchants' Bank* v. *Bliss*, 35 N. Y. 412; *People ex rel. Tweed* v. *Liscomb*, 60 id. 559; *Sturgis* v. *Spofford*, 45 id. 446, 453; *Miller* v. *White*, 50 id. 137.)

*H. F. Hatch* for respondent. The defendants, as trustees by their failure to make and file the annual report in January, 1875, as required by law, became liable for all debts of the company then existing. (Laws 1848, chap. 40, § 12.) The right of action against the defendants accrued on their failure to make and file the annual report in January, 1875, the debt being then past due, and this action was commenced within the time required. (*Jones* v. *Barlow*, 62 N.Y. 202.) No cause of action accrues until the right to commence suit has become fixed, and as against trustees of a corporation, that occurs when the failure to file the report is concurrent with a debt due and payable by the corporation, and then the statute begins to run. (*Jones* v. *Barlow*, 62 N. Y. 202; *Chandler* v. *Hoag*, 2 Hun, 613; *Garrison* v. *Howe*, 17 N. Y. 458, 466; *Vincent* v. *Sands*, 42 How. 231.)

DANFORTH, J. The plaintiff has brought the defendants within the statute (Laws of 1848, chap. 40, § 12), and against the penalty imposed thereby, they stand undefended.

*First.* The defendants' counsel is in error in supposing that " an action against the trustees of a manufacturing corporation must be commenced within three years after the debt of the company arose." It is immaterial when the debt arose if it

exists and might be the subject of an action at the time default is made in complying with the provisions of the above section. Here the debt was contracted in 1873. It was for money borrowed in April of that year. For aught that appears it was payable presently, and for its recovery an action could be maintained against the company at any time before the expiration of six years from that date, *i. e.*, April, 1879. In January, 1875, the debt existed against the company. On the 20th of January, 1875, the company failed to file the report called for by section twelve. The defendants were then trustees of the company and had been since its organization. The conditions were thus fulfilled, upon which the liability of the defendants depended, and for this liability an action might be commenced at any time within three years thereafter. (*Merchants' Bank of New Haven* v. *Bliss*, 35 N. Y. 412; *Jones* v. *Barlow*, 62 id. 202.) It was in fact commenced against all the defendants as early as March, 1877. The appellants upon this argument assume as a fact, that no report was filed in January, 1874, and thereupon insist that the right of action accrued on the 20th of January of that year, and was barred by the limitation of the statute in three years from that time, *i. e.*, January, 1877. It is not necessary to consider the correctness of the legal position, for nowhere in the pleadings, or in the proceedings on the trial, is the fact of such omission even hinted at. It cannot be found in the record. If it is in fact true, and is followed by the legal consequence claimed, the defendants are indeed unfortunate, for they are charged upon a right of action given by one statute in consequence of corporate negligence, and by an omission for which they may not be to blame, are deprived of a defense said to be afforded by another statute; the statute imposing the short limitation. But not only is there no claim that a report was not filed in 1874, but no fact is stated within the record going to show that the cause of action accrued more than three years before it was commenced.

It appears that "the plaintiff's counsel opened the case to the jury;" next followed a motion by defendants to dismiss

the complaint on the ground, among others, "that the complaint does not state that the defendants failed to file a report in 1874." If that fact was essential to the plaintiff's cause of action, it could not be presumed to exist, and it would seem that the defendants wanted the benefit of the contrary presumption, that which supposes the performance of official duty; but however that may be, if for any purpose the defendants deemed it important to show that the report was not in fact filed in 1874, it should have been so stated upon the trial, and established by admission, or in some other way. It has been frequently held by this court, that the statute in question is penal, and to be construed strictly, and there is no reason to depart from that doctrine, but there must be something in the case to which it can be applied; here there seems to be nothing.

To make the defendants' position available even as ground for argument, *i. e.*, that the cause of action accrued in 1874, they should have shown the omission at that time to file a report. There seems to have been no error in the decision of the court below.

The judgment should be affirmed.

All concur except MILLER, J., absent.

Judgment affirmed.