The People of the State of New York ex rel. Clark H. McDonald, Appellant, *v.* George C. Clausen, as President of the Department of Parks in the City of New York, and as Park Commissioner of the Boroughs of Manhattan and Richmond in said City, Respondent.

1. Appeal — Mandamus — Order of Reversal, Granting New Trial, when not Reviewable.    An order of the Appellate Division reversing an order directing a peremptory writ of mandamus upon a verdict rendered upon the issues raised by the return to an alternative writ, and granting a new trial, is not reviewable by the Court of Appeals when it does not appear from the record that the reversal was not based upon

524    People ex rel. McDonald v. Clausen.    [June,

Opinion of the Court, per Haight, J.    [Vol. 163.

the ground that the verdict was against the weight of evidence; the proper remedy is a new trial of the issues joined upon the alternative writ.

*People ex rel. McDonald* v. *Clausen,* 50 App. Div. 286, appeal dismissed.

(Argued June 7, 1900; decided June 22, 1900.)

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, made April 12, 1900, reversing an order of Special Term granting a peremptory writ of mandamus directing that the relator be reinstated in the position of superintendent of the Harlem River Driveway.

The facts, so far as material, are stated in the opinion.

*George F. Langbein* for appellant. The order of reversal is appealable to this court. (*Van Tassel* v. *Wood,* 76 N. Y. 614; *Otten* v. *M. Ry. Co.* 150 N. Y. 395.)

*John Whalen,* Corporation Counsel (*Theodore Connoly* and *William B. Crowell* of counsel), for respondent.

Haight, J. An alternative writ of mandamus was first issued, to which the defendant made a return putting in issue many of the allegations of the alternative writ. The issues so raised were tried before a jury and a verdict was rendered in favor of the relator, upon which a peremptory writ of mandamus was issued. A motion was then made by the defendant for a new trial upon all the grounds mentioned in section 999 of the Code, which was denied. Thereupon an appeal was taken to the Appellate Division from both orders and they were reversed and a new trial of the issues granted. The relator then appealed to this court.

We are of the opinion that we have no jurisdiction to entertain the appeal. The issue joined upon an alternative writ of mandamus must be tried by a jury, as if it was an issue joined in an action in which the complaint demands judgment for a sum of money. (Code Civ. Pro. § 2083.) The verdict rendered has the same force and effect as in such an action and cannot be treated merely as advisory to the court. (*People*

*ex rel. Hanrahan* v. *Board of Metropolitan Police,* 26 N. Y.
316; *People ex rel. D., W. & P. R. R. Co.* v. *Batchellor,* 53
N. Y. 128, 137; *People ex rel. Coveney* v. *Kearny,* 44 App.
Div. 449, 453; affirmed in 161 N. Y. 648, on opinion below.)

The Appellate Division had jurisdiction to reverse upon the
ground that the verdict rendered was against the weight of
the evidence, and it does not appear from the record that the
reversal was not based upon that ground. It follows that we
have no jurisdiction to review the appeal. (*Chapman* v. *Com-
stock,* 134 N. Y. 509, 512, and cases there cited; *Mickee* v.
*W. M. & R. M. Co.,* 144 N. Y. 613; *Hoes* v. *Edison Gen.
El. Co.,* 150 N. Y. 87; *Canavan* v. *Stuyvesant,* 154 N. Y.
84; *Henavie* v. *N. Y. C. & H. R. R. R. Co.,* 154 N. Y. 278;
*Chapman* v. *Lynch,* 156 N. Y. 551; *Judson* v. *C. V. R. R.
Co.,* 158 N. Y. 597.)

The proper remedy of the relator is a new trial of the issues
joined upon the alternative writ. The appeal should, there-
fore, be dismissed, but under the circumstances, we think it
should be without costs to either party.

PARKER, Ch. J., O'BRIEN, BARTLETT, VANN, LANDON and
CULLEN, JJ., concur.

Appeal dismissed.