(121 App. Div. 229)

PEOPLE ex rel. ROBESCH v. PRESIDENT OF BOROUGH OF QUEENS.

(Supreme Court, Appellate Division, Second Department.   July 23, 1907.)

MUNICIPAL CORPORATIONS—FIREMEN—DISCHARGE—CIVIL SERVICE LAW.

Where the certificate that an employé of the department of highways is an exempt volunteer fireman has been filed in the office of the department, it is sufficient notice of his status, and he cannot be discharged without the hearing, on notice and charges, required by the civil service law.

Gaynor, J., dissenting.

Certiorari by the people, on the relation of Charles C. Robesch, against the president of the borough of Queens, etc., to review a determination dismissing relator as foreman in the department of highways.   Determination reversed, and relator reinstated.

Argued before WOODWARD, JENKS, GAYNOR, and RICH, JJ.

Harry C. Underhill, for relator.

James D. Bell (Edward Lazansky, on the brief), for defendant.

JENKS, J.   The relator was dismissed his place of foreman in the department of highways of the borough of Queens by the president of the borough.   His grievance is that, although he was an exempt volunteer fireman, he did not have such a hearing, on notice and charges, as is afforded to him by the civil service law.   It cannot be gainsaid that the return shows that in several respects the rights assured by such a hearing were either denied or substantially withheld. The only debatable question is whether the president of the borough was apprised of this status of the relator.

The petition shows, not only that the petitioner is an exempt volunteer fireman, but also "that his certificate as such veteran exempt was duly filed in the office of the department of highways of the city of New York on or about the 10th day of July, 1902."   In People ex rel. McDonald v. Clausen, 50 App. Div. 286, 63 N. Y. Supp. 993, appeal dismissed 163 N. Y. 523, 57 N. E. 739, this court in its First Department say:

"To charge a public official with notice of the fact that his subordinate employés are honorably discharged veterans requires that a distinct notice shall be given to the official in relation to the status of the employé as regards the office or employment which he holds or a record in the department from which that fact can be ascertained."

I think that this filing of such certificate was sufficient notice of his status.

The determination must be annulled with costs, and the relator reinstated, with costs.

WOODWARD and RICH, JJ., concur.

GAYNOR, J. (dissenting). The relator was dismissed from his position as foreman in the department of highways in the borough of Queens by the president of that borough. He claims that his dismissal was illegal in that he was not given the hearing on notice and upon stated charges required by section 21 of the civil service law. That section requires such a hearing to one—

"who shall have served the term required by law in the volunteer fire department of any city, town or village in the state, or who shall have been a member thereof at the time of disbandment of such volunteer fire department."

In his petition on which the writ was obtained the petitioner alleges that he is "a veteran exempt volunteer fireman"; and this is all there is on the subject, except the further allegation that:

"His certificate as such veteran exempt was duly filed in the office of the department of highways of the city of New York on or about the 10th day of July, 1902."

It is insufficient; it is necessary that the facts prescribed by the statute should be specifically shown. A mere statement of a legal conclusion does not suffice; and the relator does not even do that much. People ex rel. Lawson v. Coler, 159 N. Y. 569, 54 N. E. 1094; 40 App. Div. 65, 57 N. Y. Supp. 636. The statement that the certificate was filed in the office of the department of highways is a useless one; and to call the paper filed a "certificate as such veteran" was only to state a conclusion. Moreover, no evidence was given to prove the allegation of veteranship. It was not for the borough president, the respondent, to take it for granted. The relator was claiming a privilege, and had to make it out.

The determination of the respondent should be confirmed.