DAVENPORT v. PRENTICE et al.

(Supreme Court, Appellate Division, Second Department. October 12, 1909.)

Appeal from Trial Term, Kings County.

Action by John S. Davenport, as receiver of the Bank of Staten Island against Annie C. B. Foster, administratrix of Augustus Prentice, and others. From a judgment for defendant Foster, and an order denying a new trial, plaintiff appeals. Affirmed.

See, also, 126 App. Div. 451, 110 N. Y. Supp. 1056.

Argued before HIRSCHBERG, P. J.; and JENKS, BURR, RICH, and MILLER, JJ.

Nathan D. Stern, for appellant.

John G. Clark (Arthur O. Townsend, on the brief), for intervening creditors.

John G. Milburn (Frederick P. Forster and Henry A. Forster, on the brief), for respondent.

PER CURIAM. Judgment and order affirmed, with costs.

RICH, J. (dissenting). I am unable to concur in the decision to be made in this case. The evidence is substantially the same as that given upon the former trial (126 App. Div. 451, 110 N. Y. Supp. 1056), and the law of the case has been established.

There are three classes of damages embraced in the plaintiff's alleged cause of action: First, those sustained through the fraudulent loans, which the plaintiff recovered upon both trials, and which we may dismiss from further consideration; second, those sustained through the theft and conversion of the securities of the bank by its cashier, which the plaintiff recovered on the first trial, but not upon the second; and, third, those resulting from a call loan alleged to have been made by the cashier to himself, without collaterals, for which no recovery was had on either trial, the evidence being insufficient to establish a cause of action therefor. This may be eliminated from consideration. The verdict of the jury, giving to the plaintiff a recovery for the damages sustained through the fraudulent loans, and denying a recovery for the $9,000 call loan, is supported by the evidence. The question requiring serious consideration is based upon the failure of the jury to include in their verdict such damages as were sustained through the criminal conversion of the securities of the bank by its cashier, alleged to have been made possible and successful by the negligence of the president, Prentice.

The learned trial justice states in his opinion, written on the decision of plaintiff's motion for a new trial, after declaring that it was not plain to him why the jury failed to find Prentice negligent as to the loss of the securities when they found him negligent as to the fictitious call loans:

"If the court had tried these questions of fact, its decision thereon would not have been the same as that made by this jury."

And while, as he says, that fact in itself does not furnish a valid reason for setting the verdict aside, it is a fact which may properly be considered here, in connection with the other facts presented by the record, and weight given it.

It is impossible to find in this record an adequate, convincing, or satisfactory explanation of the verdict rendered—in view of the uncontroverted testimony, which seems to me to establish as great a degree of negligence on the part of Prentice in connection with the loss of the securities as that found by the jury rendering his estate liable for the money represented by the fictitious call loans—upon any other theory than that the verdict is a compromise one, and the direct result of sympathy. Upon the submission of the case to the jury, counsel for the respondent read from a carefully prepared written argument improper and unjustifiable appeals for sympathy, based, in part at least, upon matters not in evidence, which were wholly irrelevant to the issues to be determined, and to which he had no right to refer. It is true, as contended, that counsel for the plaintiff did not comply with the rules of procedure by taking objections and exceptions; but a motion for a new trial, based in part upon the ground under consideration, was later made, and upon this appeal from the order denying such motion the question is properly before us for consideration. It is also true that the learned trial court instructed the jury that they should be guided solely by the evidence in arriving at a conclusion; but it is impossible for us to say that the instruction was observed, and, as was said in Horton v.

Terry, 126 App. Div. 479, 110 N. Y. Supp. 646 when counsel "depart entirely from the evidence in their arguments, and make remarks intended solely to excite the passions or prejudices of a jury, there is every reason, especially in a close case, why the court should intervene and protect a party from a verdict rendered against him which may have been influenced by such remarks, rather than by the evidence in the case."

Remarks addressed to a jury, intended solely to excite sympathy for a client, are as much to be condemned, and the duty of the court is the same, as in a case where it is sought by the same methods to excite their passions or prejudices. While it has been held that for trifling and inadvertent errors of this character, committed by counsel in addressing the jury, instruction of the trial court to disregard the same, and decide the issues solely upon the evidence, were sufficient to cure the evil and protect the rights of the litigants before it, it is a well-known rule that, where counsel persistently and intentionally indulge in this method of conducting a case, their contention on appeal that the wrong was repaired by proper instructions from the trial court to the jury will not be upheld. Bagully v. Morning Journal Association, 38 App. Div. 522, 56 N. Y. Supp. 605; Stewart v. Metropolitan Street Railway Co., 72 App. Div. 459, 76 N. Y. Supp. 540; Cleveland v. N. Y. & Queens County Ry. Co., 123 App. Div. 732, 108 N. Y. Supp. 362. It is no answer that the plaintiff's attorney was guilty of similar conduct. If by reason of unethical and unfair methods, resorted to by counsel during his summing up of a case, the other party is deprived of that fair trial which it is the duty of courts to secure to him, it may not be successfully contended that similar conduct, indulged in by opposing counsel, requires or is sufficient to justify an appellate court in refusing redress to the injured party. It is evident that the defendant's attorney, in making the statements and appeals to the jury appearing in the record, acted deliberately and intentionally; that he was persistent in his effort to arouse and excite their sympathy for a widowed lady, not a party to the action in person, which might and undoubtedly did result in perverting rather than promoting justice, and I think the judgment ought to be reversed.

BURR, J., concurs.